UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

UNITED STATES OF AMERICA,
                                            Case No. 18-cr-20439
        Plaintiff,
v.                                          Honorable Nancy G. Edmunds

D-1 SEEMA BARNWAL and D-2 KRISHNA
BARANWAL,

        Defendants.
                                    /


**ORDER AND OPINION DENYING DEFENDANTS' MOTION TO SUPPRESS [31],
DENYING DEFENDANTS' MOTION TO DISMISS [29] AND GRANTING IN PART
      DEFENDANTS' MOTION FOR BILL OF PARTICULARS [30]**

In this health care fraud case, Defendants Seema Barnwal and Krishna Baranwal are charged in an indictment with four counts relating to their alleged scheme to pay kickbacks in violation of federal health care laws. Defendants are charged with participating in significant health care fraud and kickback schemes at Magnum Home Health Care, Inc., a home health care agency owned by Defendants. Counts one and two of the indictment charge that Defendants willfully formed and carried out a conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349, and a conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371. Counts three and four charge the Defendants with paying kickbacks in connection with a federal health care program in violation of 18 U.S.C. § 1320a-7b(b)(2). Defendants are alleged to have carried out their conspiracy from approximately 2012 through May 2018.

Pending before the Court are three motions filed jointly by Defendants: Defendants' motion to suppress (ECF No. 31), Defendants' motion to dismiss the

                                    1

indictment (ECF No. 29), and Defendants' motion for a bill of particulars (ECF No. 30). The government opposes the motions. On January 10, 2019, the Court held a hearing in connection with the motions and took the motions under advisement. Having carefully reviewed the record in this matter and after considering the argument of counsel presented at the hearing, for the reasons set forth below, the Court **DENIES** Defendants' motion to suppress, **DENIES** Defendants' motion to dismiss without prejudice, and **GRANTS IN PART** Defendants' motion for a bill of particulars.

I. **Defendants' Motion to Suppress**

On May 25, 2018, government investigators executed search warrants at Defendants' residence and place of work. Defendants share both a residence and a place of work. The search warrants, which are identical, authorized the seizure of a laundry list of records, documents, information, and data, including computer equipment and storage devices as well as any of the data contained therein related to Defendants' home health care enterprise.

Defendants move to suppress all evidence seized as a result of the search warrants. With respect to their residence, Defendants contend that the search warrant affidavit failed to establish probable cause to believe that evidence of a crime would be found at their residence. Defendants further argue that the search warrants are constitutionally overbroad in terms of both the scope of the items and the time frame covered. The Government responds that the affidavit submitted in support of the search warrants sufficiently establishes probable cause, and that the items seized pursuant to the warrant are relevant to the criminal activity charged in this case.

In order to determine if the search warrant affidavit established probable cause, the Court must look to the totality of the circumstances, including the veracity and basis

of knowledge of persons supplying the information. *See Illinois v. Gates*, 462 U.S. 213, (1983). "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir.1991) (internal quotation marks and citation omitted). "[R]eviewing courts are to accord the magistrate's [probable cause] determination great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

Here, the affidavit submitted in connection with the search warrants establishes sufficient probable cause for the seizure of evidence, contraband, fruits, and instrumentalities of Defendants' alleged crimes from 2010 through 2018. The evidence provided in the affidavit demonstrates that Defendants formed their home health care business in 2009. Given that the statements of the cooperating witnesses indicated that a fully developed kickback scheme was in place as of 2015, it was reasonable for the magistrate judge to find that there was probable cause to search Defendants' records and property for evidence of the conspiracy and fraud from before 2015. *See, e.g., United States v. Bli*, 147 F. Supp. 2d 734, 742 (E.D. Mich. 2001); *United States v. Roos*, 2013 WL 1136638, at *9 (E.D. Ky. Jan. 24, 2013), *report and recommendation adopted*, 2013 WL 1136629 (E.D. Ky. Mar. 18, 2013) ("Because no information was available to limit the warrant to a particular time period, the warrant was not overbroad."). Moreover, even if the affidavit did not establish probable cause to search records from the 2010 time period, evidence of Defendants' related and prior business practices may be relevant to the later formed criminal conspiracy and thus were properly seized pursuant to the search warrants. *See United States v. Abboud*, 438 F.3d 554, 576 n. 7 (6th Cir. 2006)

("[E]vidence that dated from outside of the time period may be relevant to the activity within the time period.").

The affidavit also supports the scope of items seized pursuant to the search warrants. It is well settled that items to be seized pursuant to a search warrant must be described with particularity to prevent "the seizure of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927); *see Andresen v. Maryland*, 427 U.S. 463, 480 (1976). However, the Sixth Circuit has recognized that the degree of specificity in a warrant must be flexible, depending upon the type of items to be seized and the crime involved. *See United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1998). "Thus[,] a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *Id.*; *see United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000).

For example, in *Blair* the warrant described the items to be seized as "[b]ooks, records, receipts, notes, ledgers, airline tickets, money orders, passports, and other papers relating to the transportation, importation, ordering, sale, and distribution of controlled substances." *Blair*, 214 F.3d at 697. The warrant also authorized seizure of records of financial transactions and electronic equipment used to aid the defendants in their drug trafficking activities. *Id.* The Sixth Circuit concluded that the warrant did not violate the particularity requirement of the Fourth Amendment because the records and items sought were those related to the defendant's drug-trafficking activities. *Id.* Relying on *Blair*, in *Elhorr,* this Court found that a search warrant was sufficiently particular where it sought several categories of records specifically related to the criminal activity being investigated—fraudulent Medicare billing.

4

Applying the reasoning of *Blair* and *Elhorr*, the same result is reached here. All of the items identified in the indictment were tied to or related to potential instruments of Defendants' alleged health care fraud scheme. The search warrants did not violate the particularity requirement of the Fourth Amendment.

The affidavit also sufficiently establishes a nexus to search the Defendants' residence. The affidavit provided evidence that Defendants brought work related materials to their home and that they received work related materials through the mail at their home. Defendants fail to demonstrate that probable cause was lacking to conduct the search of their home.

Finally, contrary to Defendants' arguments here, the search warrant affidavit at issue is supported by more than mere suspicions or beliefs, and does in fact contain the underlying factual circumstances of Defendants' criminal activity. The affidavit cannot be characterized as a "bare bones" affidavit. *See United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) (describing a "bare bones" affidavit as one "that states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge."). Thus, even if the search warrant was found to be defective, the *Leon* good faith exception applies. *See United States v. Leon*, 468 U.S. 897 (1984); *United States v. Evers*, 669 F.3d 645, 654 (6th Cir. 2012) (rejecting the defendant's argument that search warrant affidavit was "bare bones" and holding that the *Leon* good-faith exception "which allows admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective" would apply). For these reasons, Defendants' motion to suppress is denied.

## II. Motion to Dismiss the Indictment

In addition to moving to suppress the evidence against them, Defendants move to dismiss counts one and two of the indictment. Defendants contend that counts one and two are defectively pled because they do not provide notice of specific conduct occurring in furtherance of the conspiracy during the entire alleged duration of the conspiracy. Put differently, Defendants argue that because the indictment charges that the conspiracy was formed in 2012 and continued through 2018, the indictment must also identify specific criminal acts taken in furtherance of the conspiracy extending over the entire time period. And because the only overt acts identified in the indictment transpired in 2015 and in 2018, respectively, Defendants maintain that the indictment is deficient and must be dismissed. The Court disagrees.

An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. *Hamling v. United States*, 418 U.S. 87, 117 (1974). Second, the indictment is sufficient if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.* "An indictment as drafted is presumed sufficient if it tracks statutory language, cites the elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy*, 1 F.3d 1501, 1504 n. 3 (6th Cir. 1993). A motion to dismiss is generally limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government. *See United States v. Keller*, 2009 WL 2475454 * 4 (E.D. Mich. Aug.11, 2009) (unpublished); *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir.2001) (A trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

Here, counts one and two of the indictment track the language of the applicable statutes and include the essential elements of the crimes charged. That the indictment does not allege a specific overt act committed in furtherance of the conspiracy at each stage of the conspiracy is not necessarily fatal to the charge. *See United States v. Rogers*, 769 F.3d 372, 382 (6th Cir. 2014) (explaining that section 1349 does not require a conspirator to commit an overt act in furtherance of the conspiracy); *United States v. Weekes*, No. 17-20155, 2018 WL 3956487, at *3 (E.D. Mich. Aug. 17, 2018) (same). Under the facts and circumstances presented here, the Court finds that the indictment is sufficiently pled for the purposes of charging the Defendants with conspiracy and generally providing Defendants with notice of the crimes for which they are accused of committing, as supplemented by the Court's order in Part III below. Accordingly, Defendants' motion to dismiss the indictment is denied without prejudice.

### III. Bill of Particulars

In the alternative to their motion to dismiss the indictment, Defendants move for a bill of particulars with respect to counts one and two of the indictment. Defendants request that the Court order the Government to identify all manner and means of the conspiracies charged in counts one and two by which Defendants and their co-conspirators allegedly sought to accomplish the purposes of their conspiracies during the following time periods: (A) beginning in or around 2012 through December 31, 2012; (B) from January 1, 2013 through December 31, 2013; (C) from January 1, 2014 through December 31, 2014; (D) from January 1, 2015 through December 31, 2015; (E) from January 1, 2016 through December 31, 2016; (F) from January 1, 2017 through December 31, 2017; and (G) from January 1, 2018 through May 2018.

The decision to order a bill of particulars is within the discretion of the district court. *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars serves the following purposes: (1) to insure that the defendant understands the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The allegations which give sufficient notice of the charge can be minimal. *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (indictment charging use of a firearm in connection with a drug offense held sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure even though the indictment did not mention the particular drug offense in which the firearm was used); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (indictment setting out the objective, means, method, and overt acts of the charged conspiracy held sufficient because it provided sufficient notice of the charges and the basis for a double jeopardy defense).

Here, although the indictment alleges that Defendants' conspiracy spanned from 2012 through 2018, the indictment does not identify any means, methods, or over acts allegedly committed by Defendants prior to 2015. Defendants argue that a bill of particulars with respect to counts one and two is necessary to afford notice of the acts allegedly committed by them in furtherance of the conspiracy from 2012 to 2014, and from 2016 to 2018. In response, the Government argues that a bill of particulars is not appropriate because a general allegation of the time frame for the conspiracy is more than sufficient to give Defendants notice of the charges against them. In addition, the Government argues that even if the indictment does not provide sufficient information, it

has produced significant amounts of discovery and that should alleviate the need for a bill of particulars. The Court disagrees with the Government under the facts and circumstances presented here.

While it is true that general allegations of dates or times can be sufficient, the indictment here does not specifically identify any criminal acts occurring prior to 2015. This lack of specificity may be sustainable if the Government produced sufficient discovery to identify the alleged criminal acts and to give notice to Defendants of the crimes for which they are accused. For example, in *United States v. Elhorr*, No. 13-20158, 2014 WL 5511502, at *2 (E.D. Mich. Oct. 31, 2014), this Court denied the defendants' motion for a bill of particulars where the indictment included sufficient allegations of the crimes charged and the government produced significant discovery that fulfilled the objectives of a bill of particulars. The defendant in *Elhorr* was charged in a multi-count indictment involving allegations of health care fraud and sought detailed information through a bill of particulars as to the conspiracy count. Specifically, the defendant requested more information about:

> (1) the specific Medicare claims involved in the alleged conspiracy; (2) the specific claims where services were not provided; (3) the specific claims where there was billing for home visits not provided by licensed physicians; (4) specific claims where there was billing for home visits purportedly rendered by Defendant when he was out of the country; (5) specific claims ordering physical therapy and other services provided by home health agencies where the patient was not seen by [defendants], (6) specific claims where the ten patients received prescriptions where they were not seen or diagnosed, and (7) the identities of other co-conspirators and their alleged involvement in the conspiracy.

*Elhorr*, 2014 WL 5511502, at *3. This Court found that the defendants' motion for bill of particulars was really an improper attempt to obtain discovery that the defendants either already possessed or were otherwise not entitled to receive. *Id. See also United States*

*v. Goldfein*, No. 13-20882, 2016 WL 3912026, at *4 (E.D. Mich. July 18, 2016) (denying motion for bill of particulars where indictment was sufficiently detailed and the government provided voluminous discovery).

Pointing to this Court's decision in *Elhor*, the Government argues that it has satisfied its burden by producing a significant volume of discovery to Defendants. The Government contends that Defendants are not entitled to any additional information about the crimes charged against them other than what has been produced. But in its briefing and at oral argument, the Government was noticeably silent as to any specific evidence or discovery materials reflecting criminal acts committed by Defendants during the 2012 to 2014 time period in connection with their alleged health care conspiracies. In addition, Defendants maintain that none of the discovery turned over by the Government provides notice of the formation of a conspiracy in 2012 or of the acts the Government believes were taken in continuation of that conspiracy in 2013 or 2014. Thus in contrast to *Elhor*, the discovery produced by the Government in this case does not satisfy the objectives for which a bill of particulars would.

The Court agrees with the Government that it need not identify every means, method, and overt act by which the Defendants are alleged to have committed their conspiracy. However, the Government provides no authority for the proposition that general allegations of criminal activity being committed during a time period is sufficient to provide notice of the crimes charged where no specific conduct has been identified and no specific discovery materials have been produced.

Defendants do not appear to seek a disclosure of all of the Government's evidence. Rather, what Defendants request is that the Government simply identify the

alleged acts taken by Defendants in furtherance of the conspiracy in the 2012 to 2014 time period, aside from the act of forming their home health care business. This information is necessary to Defendants: (1) to insure that they understand the nature of the charges against them with respect to this time period in order to enable them and their counsel to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable Defendants to plead double jeopardy if either of them is later charged with the same crime. Accordingly, the Court grants Defendants' motion for a bill of particulars as to counts one and two, and only with respect to time periods A, B, and C as described in Defendants' Exhibit 1 to their motion.

IV. Conclusion

For the above-stated reasons, the Court **DENIES** Defendants' motion to suppress; **DENIES** without prejudice Defendants' motion to dismiss; and **GRANTS IN PART** Defendants' motion for a bill of particulars.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 3, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager