UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEEMA BARNWAL,

    Defendant.

_____/

Case No. 18-20439

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [169]**

Defendant Seema Barnwal is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Dublin in Dublin, California. The matter is before the Court on Defendant's motion for compassionate release. (ECF No. 169.) Defendant filed then voluntarily dismissed two previous motions for home confinement or deportation. (ECF No. 157, 163.) The Government filed a response in opposition to her first motion and that response is also sufficient for purposes of opposing the present motion. (ECF No. 160.) The Court has reviewed the record including the pleadings and exhibits and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion for compassionate release. (ECF No. 169.)

**I.    Background**

Defendant was a licensed occupational therapist and home health company owner who engaged in a conspiracy to defraud the Medicare program and pay illegal kickbacks in exchange for patient referrals to her home health company. On July 24, 2019, she pleaded guilty to one count of conspiracy to commit health care fraud in violation of

1

18 U.S.C. § 1349. On October 8, 2020, this Court sentenced her to a below-guideline one year and one day custodial sentence. Her projected release date is September 16, 2021.

Defendant is a citizen of India and will be deported there upon her release from prison. In July of 2019, Defendant sent her teenage son to reside with relatives in India while Defendant and her husband were incarcerated. Defendant now moves the Court for compassionate release so that she may be deported and join her son more quickly. Defendant also has concerns regarding the COVID-19 pandemic, both in FCI Dublin and in India where her son currently resides without either parent.

## II.     Analysis

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Historically, only the BOP's Director could bring a motion under this provision, but Section 603(b) of the First Step Act—titled "[i]ncreasing the use and transparency of compassionate release"—removed the BOP from this gatekeeper role and amended § 3582(c)(1)(A). *Jones*, 980 F.3d at 1104-05 (citing First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239). A defendant may now bring a motion for compassionate release on her own behalf after (1) exhausting the BOP's administrative process, or (2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Defendant has satisfied this requirement by waiting 30 days after her April 15, 2021 request to the warden to file her present motion. (ECF No. 170-1 *SEALED*, PageID.1449.)

2

District courts in this circuit analyze compassionate release motions by engaging in a "three-step inquiry." *Jones*, 980 F.3d at 1101. Courts must (1) consider whether "extraordinary and compelling reasons warrant [a sentence] reduction;" (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The Sixth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the discretion to define "extraordinary and compelling." *Id.* at 519-20.

Defendant has failed to provide extraordinary and compelling reasons that would warrant early release. While the Court sympathizes with Defendant, the situation she finds herself in is the direct result of her criminal actions. Moreover, the Court took both the COVID-19 pandemic and Defendant's role as a mother into account at sentencing and sentenced Defendant well below the applicable guideline range. An analysis of the § 3553(a) factors therefore indicates no further reductions of Defendant's sentence are warranted.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (ECF No. 169) is DENIED.

SO ORDERED.    s/Nancy G. Edmunds
               Nancy G. Edmunds
               United States District Judge

Dated: June 14, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2021, by electronic and/or ordinary mail.

                                              <u>s/Lisa Bartlett</u>
                                              Case Manager